```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| JAMES RICH, | |
|                    Plaintiff, | **ORDER** |
| – against – | 18 Civ. 3332 (ER) |
| AMERICAN ASSOCIATION OF ADVERTISING AGENCIES, INC., | |
|                    Defendant. | |

Ramos, D.J.:

James Rich ("Rich" or "Plaintiff") brought this action against his former employer, American Association of Advertising Agencies, Inc., ("4A" or "Defendant") under the Fair Labor Standards Act of 1938 ("FLSA") and the New York Labor Law ("NYLL"), for unpaid wages, including overtime wages. Doc. 1. The parties have engaged in extensive discovery and a mediation process. By letter dated December 12, 2018, the parties informed the Court they had agreed to settle this matter for $37,500, subject to the Court's approval. Doc. 21. The settlement also includes an allocation for employment-related claims that Plaintiff threatened to bring and that were not specific to FLSA, such as age discrimination. *Id.* For the FLSA wage-based claims, the parties agreed to allocate $15,000 of the total settlement amount, inclusive of a $5,000 payment to Plaintiff's counsel for fees and costs. *Id.* Plaintiff estimated that if he were to prevail on all claims, his unpaid wages would be no more than $20,000. *Id.* Thus, the FLSA settlement amount represents 75% of the alleged maximum recovery.

However, on June 20, 2019, the Court declined to approve the proposed Settlement Agreement because it did not identify an evidentiary basis for the attorney's fees and costs and included an impermissibly broad release provision. Doc. 24. On July 26, 2019, in response to the Court's order, the parties submitted a revised Settlement Agreement ("Revised Agreement"): (1) providing a redacted copy of the billing records for the attorney's fees and costs; and (2) properly limiting the release provision to "all claims, facts, or matters asserted in the Civil Action arising out of, or pertaining to Plaintiff's wage and hour claims." Doc. 26.

Plaintiff's counsel explained the redaction by stating the billing "records contain attorney-client privileged content," and offered to provide an unredacted version to the court for *in camera* review. Doc. 26. *Cf. Fishwick v. RMJM, Inc.*, No. 14CIV00904ATJLC, 2015 WL 13649463, at *4 (S.D.N.Y. June 12, 2015) (directing counsel to amend redacted attorney billing records to include descriptions of nature of work done so that court could adequately assess reasonableness of proposed attorney's fees). Here, the redactions appear to cover the subject matter of discussions with the client (i.e. "Email from client re: [Redaction]"), while leaving the record of counsel's actions in the case intact. Doc. 26, Ex. B. Thus, the Court has sufficient information to ascertain that the proposed attorney's fees are reasonable in light of the work done by the attorney.

Accordingly, the Court finds that the Revised Agreement complies with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and therefore, approves it. The Court hereby dismisses the case with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated: December 5, 2019
New York, New York

_____
Edgardo Ramos, U.S.D.J.